UNITED STATES OF AMERICA,

                Plaintiff,                No.  1:09-CR-311

                  vs.                Hon. Paul L. Maloney
                                    Chief U.S. District Judge

KEITH NICKERSON,

                Defendant.

_____/

## PLEA AGREEMENT

This constitutes the plea agreement between Keith Nickerson and the United States Attorneys Office for the Western District of Michigan. The terms of the agreement are as follows:

1.    <u>The Defendant Agrees to Plead Guilty</u>. The defendant is charged in an indictment alleging in Count 1 that he committed bank robbery in violation of Title 18, United States Code, Section 2113 (a) and (d) and Count 2 that he committed conspiracy to obstruct justice in violation of Title 18 United States Code, Section 1512(k). The defendant's attorney has advised him of the elements of these charges and his possible defenses. The defendant agrees to plead guilty to Count 1.

Armed bank robbery requires proof that an individual: 1) took money from another person, 2) the money taken was in the possession of a federally-insured bank, and 3) the money was taken by using force, fear or intimidation, and 4) through use of a

dangerous weapon. *E.g., United States v. Sullivan*, 431 F.3d 976, 982 (6th Cir. 2005)(elements of bank robbery).

2. <u>The Defendant Understands the Crime</u>. The defendant is pleading guilty because the following is true: On or about May 31, 2005, he and two other individuals robbed the First Bank of Lakeview, located at 101 East Fourth Street, Morley, Michigan. While inside, one of them displayed a weapon to bank employees, and took approximately $9,394.91 in bank funds without permission. At the time of the robbery, the deposits of the bank were insured by the Federal Deposit Insurance Corporation.

3. <u>The Defendant Understands the Penalty</u>. The statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 2113(a) and (d) is a twenty-five year prison term; a three-year period of supervised release; a fine of $250,000; an order of restitution and a mandatory special assessment of $100.

4. <u>The Sentencing Guidelines</u>. The defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing. The defendant also understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. The defendant understands that the defendant and the defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. The defendant likewise understands that the Court shall make the final determination of the

2

Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum penalties described elsewhere in this Agreement. The defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

5.      Cooperation With Law Enforcement Authorities. The defendant agrees to fully cooperate with federal investigators, the U.S. Attorney's Office, and any other law enforcement agency in their investigation of the charges contained in this Indictment as well as the investigation of crimes over which they have actual or apparent jurisdiction. The defendant's cooperation will consist of all steps needed to uncover and prosecute such crimes, including, but not limited to, providing investigators with a full, complete and truthful statement concerning the defendant's knowledge of any and all criminal activity of which he is aware; truthfully answering investigators' questions; meeting with prosecutors before testifying; truthfully testifying before grand juries and in any court proceedings; and providing all relevant tangible evidence in the defendant's possession or under the defendant's control, including, but not limited to, objects, documents, and photographs. The defendant's obligation to cooperate under this paragraph is an affirmative one and includes the obligation to voluntarily come forward with any and all information which the defendant should reasonably know will assist in the investigation of other criminal activity. The Defendant will not commit any criminal offense during the course of his cooperation with the United States. The

3

defendant will submit to polygraph examination(s) upon request. The defendant's obligation under this paragraph is a continuing one, and shall continue after sentencing until all investigations and prosecutions in which the defendant's cooperation is deemed relevant by the U.S. Attorney's Office have been completed. The United States agrees that the statements made by the defendant during his cooperation will be protected as provided by Sentencing Guideline § 1B1.8.

6.    Possible Sentence Reduction. The U.S. Attorney's Office will decide whether to file a motion for departure or reduction of sentence pursuant to Sentencing Guidelines §5K1.1 and/or Rule 35(b) of the Federal Rules of Criminal Procedure. The defendant fully understands that such a motion may be made pursuant to law if, and only if, the defendant fully cooperates with the Government and materially and substantially assists the Government in the investigation or prosecution of others. The determinations of whether the defendant has provided substantial assistance to the United States, or to designated state or local law enforcement authorities, will be made in the sole discretion of the U.S. Attorney's Office. The defendant fully understands that this paragraph is not a promise by the Government to file a motion for departure or to reduce a sentence. Additionally, the defendant understands that, even if such a motion were filed, the Court has complete discretion to grant or deny the motion. Furthermore, if the Court were to grant the motion, the Court — not the Government — would decide how much of a sentence reduction defendant receives based upon the nature and extent of defendant's assistance. The defendant acknowledges and agrees

4

that he may not appeal the Court's exercise of its discretion in granting or denying a motion for departure or reduction of sentence, if such a motion is made.

7. <u>Promises Made In Connection With the Sentencing Guidelines</u>. The United States agrees, based upon facts now known to it, that the defendant qualifies for a reduction in his sentence for acceptance of responsibility, as that term is defined in sentencing guideline § 3E1.1. The defendant understands that the government's position may change if he engages in any conduct inconsistent with acceptance of responsibility between the time of plea and sentencing. The defendant further understands that the court has the sole discretion to reduce his sentence on this basis. The government agrees that it has no information that the defendant personally possessed a firearm during this offense. The government also agrees that it has no information indicating that the defendant had an aggravating role under U.S.S. G. §3B1.1.

8. <u>No Additional Charges</u>. In return for his guilty plea, the government will not pursue any other charges against the defendant based upon information known to the government as of the date of this Plea Agreement.

9. <u>Waiver of Constitutional Rights</u>. By pleading guilty, the defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of the defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, the defendant would have had the following rights:

5

a. The right to the assistance of counsel, including, if the defendant could not afford an attorney, the right to have the Court appoint an attorney to represent the defendant.

b. The right to be presumed innocent and to have the burden of proof placed on the government to prove the defendant guilty beyond a reasonable doubt.

c. The right to confront and cross-examine witnesses against the defendant.

d. The right, if the defendant wished, to testify on the defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

e. The right not to be compelled to testify, and, if the defendant chose not to testify or present evidence, to have that choice not be used against the defendant.

By pleading guilty, the defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

10. <u>Waiver of Appeal and Collateral Attack.</u> The Defendant understands that the law affords him the right to appeal the sentence imposed. Acknowledging this, the Defendant knowingly waives the right to appeal a sentence that is within or below the guideline range as determined by the Court at sentencing and the manner in which the sentence was determined on the grounds set forth in 18 U.S.C. § 3742 or any ground whatever, in exchange for the concessions made by the United States Attorney's Office

in this plea agreement, except that the Defendant may appeal on grounds, preserved at sentencing, that the Court incorrectly determined the guideline range. The Defendant also waives the right to challenge such a sentence and the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, § 2255. This agreement does not affect in any way the right of the U.S. Attorney's Office to appeal the sentence imposed by the Court.

11. <u>Dismissal of Remaining Counts</u>. In return for his guilty plea, the government will move to dismiss Count 2 of the Indictment and will not pursue any other charges against the defendant in the Western District of Michigan based upon information known to the government through defendant's U.S.S.G. § 1B1.8 proffer.

12. <u>The Court is Not a Party to This Agreement</u>. The defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. The defendant further understands that even if the Court ignores such a recommendation and/or imposes any sentence up to the maximum established by statute, the defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all his obligations under this agreement. The defendant understands that no one -- not the prosecutor, the defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence the defendant will receive, except that it will be within the statutory maximum.

7

13.    Scope of Agreement.  This agreement is limited to the U.S. Attorneys Office and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.  This agreement applies only to crimes committed by the defendant.  This agreement does not apply to any pending forfeiture proceedings, and shall not preclude any past, present, or future civil or forfeiture actions.

14.    Effect of Breach.  If the defendant breaches any provision of this agreement, including any promise of cooperation, whether before or after sentencing, the United States shall have the right to terminate this agreement or deny any and/or all benefits to which the defendant would otherwise be entitled under the terms of this agreement.  In the event that the United States elects to terminate the agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed.  In such an event, the defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant.  The defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

15.    This is the Complete Agreement.  This agreement has been freely, knowingly, and voluntarily entered into by both sides, it incorporates the complete understanding between the parties, and no other promises have been made.  Nor may any additional agreements, understandings or conditions be entered into unless in a

8

writing signed by all parties or on the record in open court.

DONALD A. DAVIS
United States Attorney

_____
TIMOTHY VERHEY
Assistant United States Attorney

12•18•09
Date

     I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

12-18-09
Date

_____
KEITH NICKERSON
Defendant

I am Keith Nickerson's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

12-18-09
Date

_____
CRAIG A. FREDERICK
Attorney for Defendant

9